Scott Lake (ISB #10493)
Kristin F. Ruether (ISB #7914)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise, ID 83701
(208) 429-1679
(208) 475-4702 (fax)
scott@westernwatersheds.org
kruether@westernwatersheds.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>USDA APHIS WILDLIFE SERVICES,<br><br>Defendant. | No. 1:18-cv-335<br><br>**COMPLAINT** |

# INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel the Defendant USDA APHIS Wildlife Services (Wildlife Services) to produce documents and records that Plaintiff Western Watersheds Project (WWP) requested several months ago.

2. Western Watersheds Project requested documents and records concerning Wildlife Services' operations in Idaho to further its objective of informing the public about ways in which Wildlife Services' operations are affecting Idaho's wildlife.

COMPLAINT – 1

3.     Western Watersheds Project requested the subject records in four FOIA requests to Wildlife Services, which the agency received on January 26, 2018, March 13, 2018, May 30, 2018, and May 31, 2018.  To comply with FOIA's requirement that responsive documents be produced within 20 working days of receiving a request, and absent unusual circumstances, the agency should have responded to these requests by February 23, 2018, April 10, 2018, June 28, 2018, and June 29, 2018, respectively.

4.     As of the date of filing this Complaint, and despite multiple communications with Wildlife Services' FOIA liaisons, Western Watersheds Project has received none of the requested documents.

5.     In this civil action Western Watersheds Project seeks a court order (1) declaring that Defendant's failure to adequately respond to Western Watersheds Project's requests violates FOIA; and (2) enjoining Wildlife Services to immediately produce the requested records.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7.     Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff WWP's principal place of business is in this district, the records requested concern Wildlife Services' activities in this district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

8.     Plaintiff Western Watersheds Project is an Idaho non-profit organization with about 1500 members and over 5,000 supporters, many of whom live in Idaho.  WWP is

headquartered in Hailey, Idaho, and has staff there and in Boise, Idaho, as well as in other western states.

9. WWP's mission is to protect and restore western watersheds and wildlife through education, public policy initiatives, and legal advocacy. WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western landscapes, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about Wildlife Services' predator control activities to benefit agricultural producers in Idaho and other states, which unnecessarily kill and injure wildlife, and cause ecological degradation.

10. To further its mission, WWP often requests information regarding federal programs and activities through FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public in various ways, including by: presenting the material to its members, as well as members of other state and national conservation organizations, through its newsletter, email alerts, and on social media; to national, regional and local media; and to a heavily trafficked weblog, The Wildlife News (http://www.thewildlifenews.com). The records requested in the FOIA requests at issue here will help WWP inform and educate its members and the public about Wildlife Services' predator control activities.

11. WWP and its staff and members are directly injured by Defendants' failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. WWP brings this suit on behalf of itself, its staff and its members.

12. Defendant USDA-APHIS WILDLIFE SERVICES (Wildlife Services) is an agency or instrumentality of the United States, within the U.S. Department of Agriculture's

COMPLAINT – 3

Animal and Plant Health Inspection Service (APHIS). Wildlife Services is charged with conducting "wildlife damage management" activities in compliance with local, state and federal laws and regulations. APHIS handles the processing of FOIA requests regarding Wildlife Services' operations through its Riverdale, Maryland-based FOIA program. Searches for information occur primarily in Wildlife Services' offices in Idaho, where the requested information is located. For purposes of this Complaint, APHIS's Riverdale, Maryland-based FOIA program and Wildlife Service's Idaho-based program are cumulatively referred to as "Wildlife Services."

## THE FREEDOM OF INFORMATION ACT

13. FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). As the Supreme Court has affirmed, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Nat. Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Accordingly, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

14. FOIA provides that agencies "shall" determine within twenty (20) working days after receipt of a request whether to comply with it. 5 U.S.C. § 552(a)(6)(A); 7 C.F.R. §§ 1.7.

15. The Secretary of Agriculture's FOIA regulations, which apply to agencies within USDA, including Wildlife Services, *see* 7 C.F.R. § 1.1, provide that the date of receipt of the request is the day it is received by the agency and office responsible for processing FOIA

requests, in this case APHIS's Riverdale, Maryland FOIA office.  7 C.F.R. § 1.13.  If an agency seeks clarification of a request to identify the records sought, the date of receipt of the request is the date of receipt of the amended or clarified request.  7 C.F.R. § 1.5(c).

16. In determining whether to comply with a request, the agency must first gather and review the requested documents.  *Citizens for Responsibility and Ethics in Wash. v. Federal Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*").

17. Then, the agency making the determination "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks.  It is not enough that, within the relevant time period, the agency simply decide to later decide.  Therefore, within the relevant time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."  *CREW*, 711 F.3d at 186.

18. The agency "shall immediately notify the [requester] of [its] determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination."  5 U.S.C. § 552(a)(6)(A)(i).  "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not just a statement of a future intent to produce non-exempt responsive documents."  *CREW*, 711 F.3d at 186.

19. FOIA provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request."  5 U.S.C. § 552(a)(6)(C)(i).

20.     An untimely determination or response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. U.S. Dept. of Energy*, 33 F.Supp.2d 1184, 1188 (N.D. Cal. 1998); *Ore. Natural Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006).

21.     In case of specified unusual circumstances, the time limits prescribed in the statute may be extended by written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i); *see also* 7 C.F.R. § 1.16. "No such notice shall specify a date that would result in an extension for more than ten working days," except as provided elsewhere in the statute. 5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" means "only to the extent reasonably necessary to the proper processing of the particular requests" the need to search for and collect records from separate offices; the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or the need for consultation with another agency. *Id*. § 552(a)(6)(B)(iii).

22.     An agency must provide an estimated date on which the agency will complete the request. 5 U.S.C. § 552(a)(7)(B)(ii).

23.     A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see also CREW*, 711 F.3d at 185 ("If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies.").

## STATEMENT OF FACTS

### A. FOIA Request No. 2018-APHIS-02114-F.

24. On January 26, 2018, WWP submitted via electronic mail a FOIA request to Wildlife Services requesting information related to the agency's investigations of the causes of livestock depredation in Idaho, which often lead to the agency killing wolves. The request was time-sensitive because Wildlife Services was, and is currently engaged in depredation investigations that have led, and will lead to the killing of wolves in Idaho. WWP included a fee waiver request. Wildlife Services received the request on January 26, 2018 and assigned it tracking number 2018-APHIS-02114-F. A determination was due on February 23, 2018.

25. On January 30, 2018 WWP received two emails—one from the USDA FOIA Service Center, and another from USDA FOIA Officer Shirley A. Boyd—acknowledging receipt of the FOIA request. The latter email, from Ms. Boyd, stated that the "estimated response date" for the request was February 26, 2018, and instructed WWP to contact FOIA liaison Brion McConville if WWP had "questions concerning the request."

26. On March 14, 2018, WWP asked Mr. McConville via email for an update regarding the status of the request. WWP received no response from Mr. McConville or Wildlife Services.

27. On April 12, 2018, WWP again asked Mr. McConville for an update via email regarding the status of the request. Again, WWP received no response.

28. On April 17, 2018 WWP again asked Mr. McConville for an update via email. Specifically, WWP requested a "determination" as required within 20 days by 5 U.S.C. § 552(a)(6)(A) and 7 C.F.R. §§ 1.7. WWP asked Mr. McConville whether Wildlife Services intended to comply with WWP's request, whether WWP's request for a fee waiver had been

granted, and whether Wildlife Services intended to withhold any records. WWP also asked that, if Wildlife Services intended to withhold any records, it provide a Vaughan index "detailing the nature of the records [withheld] and reasons for any exemptions claimed." Finally, the letter informed Mr. McConville that WWP would consider legal action if it did not receive a response within 20 days.

29. On April 20, 2018, McConville responded to WWP's April 17 letter via electronic mail and voicemail. Mr. McConville apologized for "not being more responsive" and stated that WWP's FOIA request was "in [his] queue for processing." Mr. McConville did not state whether Wildlife Services intended to comply with WWP's request, whether Wildlife Services intended to withhold any records, or whether WWP's request for a fee waiver had been granted. Nor did Mr. McConville provide any estimated response date for WWP's request.

30. On April 23, 2018 WWP replied to Mr. McConville via email, again requesting an estimated completion date, and stating that the information WWP sought was time-sensitive. WWP received no response.

31. On May 17, 2018 WWP again inquired via email to Mr. McConville regarding the status of FOIA No. 2018-APHIS-02114-F. WWP again informed Mr. McConville that it would contemplate legal action if it did not receive "a response, fee waiver decision, and disclosure." To date, WWP has received no response.

    **B.**    **FOIA Request No. 2018-APHIS-02936-F.**

32. On March 13, 2018, WWP (along with Friends of the Clearwater and Predator Defense) submitted a FOIA request via email to Wildlife Services regarding wolf control in Idaho done for the purpose of benefitting ungulates. The request included a fee waiver. WWP requested that the FOIA receive expedited processing, pursuant to 7 C.F.R. § 1.9(b), which

provides for expedited processing of a FOIA request when there is "[a]n urgency to inform the public about an actual or alleged federal government activity," if made by an entity "primarily engaged in disseminating information."

33. On the same day, Wildlife Services acknowledged the request. It was assigned tracking number 2018-APHIS-02936-F. The agency identified a "target response date" of April 10, 2018. A determination was due on April 10, 2018.

34. On March 23, 2018, Wildlife Services informed WWP via emailed letter (dated the day before) that it denied the request for expedited treatment.

35. On April 10, 2018, Rasheena Spears of the APHIS Office of Legislative and Public Affairs emailed an update to WWP, stating that Wildlife Services "forwarded my office copies of documents which they believe are responsive to your request," and that "[t]hose documents are currently under review." The update did not state whether the fee waiver was being granted, include whether Wildlife Services intended to withhold any records, or provide an estimated completion date.

36. On July 13, 2018, WWP emailed Ms. Spears asking for an update and a determination, including whether Wildlife Services intended to comply with the request and if so, when; an estimated completion date; whether the fee waiver had been granted; and whether documents would be withheld.

37. On July 18, 2018, Ms. Spears responded, stating she had completed an initial review of "various documents responsive to your request," but that those documents are awaiting secondary review/clearance, and that the documents will be provided as a "partial response" when they are "deemed suitable for release." She stated fees will not be assessed. Again, the

COMPLAINT – 9

update did not include whether Wildlife Services intended to withhold any records or provide an estimated completion date.

   **C.**  **FOIA Request No. 2018-APHIS-04319-F.**

   38.  On May 30, 2018, WWP submitted a FOIA request via email to Wildlife Services regarding cooperative agreements between Wildlife Services and other agencies, work plans for 2017 and 2018, and summary reports of predator control activities, along with a fee waiver request.

   39.  On May 31, 2018, Wildlife Services acknowledged receipt of the request. The agency assigned the request tracking number 2018-APHIS-04319-F, and a "due date" of June 27, 2018. WWP received no further information regarding whether APHIS Wildlife Services expected to comply with the request, any estimated completion date, what documents might be withheld, whether the fee waiver was granted, or any right to appeal.

   40.  On July 2, 2018, WWP inquired about the status of the request. Wildlife Services did not respond to WWP's inquiry.

   41.  A response to request No. 2018-APHIS-04319-F was due on June 28, 2015. As of this date, WWP has received no further communications regarding these records and has not received responsive records.

   **D.**  **FOIA Request No. 2018-APHIS-04320-F.**

   42.  On May 30, 2018, WWP submitted a FOIA request via email to Wildlife Services regarding reports of wolves in the vicinity of Boise, Idaho, and any Wildlife Services activities in the same area. WWP included a fee waiver request.

43. On May 31, 2018, Wildlife Services, via email, asked WWP to clarify the request by specifying a date range. WWP replied the same day via email, specifying a date range of January 1, 2015 to the date of search. A determination was due on June 29, 2018.

44. Wildlife Services assigned the request tracking number 2018-APHIS-04320-F. WWP received no further information regarding whether APHIS Wildlife Services expected to comply with the request, any estimated completion date, what documents might be withheld, whether the fee waiver was granted, or any right to appeal.

45. On July 1, 2018, Rasheena Spears of the APHIS Office of Legislative and Public Affairs emailed an update to WWP, stating that "the program office tasked with undertaking the search for documents responsive to [the] request," had "completed the search," and that Ms. Spears had "virtually completed the initial review of the [responsive] documents." The update did not state whether the fee waiver was being granted, whether Wildlife Services intended to withhold any records, or provide an estimated completion date.

46. WWP responded the same day via email, asking Ms. Spears whether Wildlife Services intended to comply with the request, whether WWP's request for a fee waiver had been granted, and whether Wildlife Services planned to withhold any documents. Wildlife Services did not respond to WWP's inquiry.

47. A response to request No. 2018-APHIS-04320-F was due on June 29, 2015. As of this date, WWP has received no further communications regarding these records and has not received responsive records.

E. **Relevant Facts Regarding All FOIA Requests.**

48. Wildlife Services has not rendered a timely and adequate determination with respect to any of the requests described above.

49. Wildlife Services has not informed WWP whether it expects to fully comply with the requests, provided an estimated completion date, describe which documents might be withheld and why, or describe WWP's right to appeal.

50. Wildlife Services has not produced any responsive documents.

51. Upon information and belief, Wildlife Services undertakes "double review" of these records, whereby the Wildlife Services program office first reviews the records and they are then reviewed a second time by the FOIA office. This system impedes timely release of the records.

52. Upon information and belief, Wildlife Services is wrongfully withholding these records from WWP.

53. Wildlife Services' failure to timely and fully respond to WWP's requests frustrates WWP's pursuit of its objective to educate its members, the public, and decision makers about Wildlife Services' predator control activities to benefit agricultural producers in Idaho, which unnecessarily kill and injure wildlife, and cause ecological degradation.

## FIRST CLAIM FOR RELIEF
**Violations of FOIA—Failure to timely respond to Request No. 2018-APHIS-02114-F.**

54. WWP realleges and incorporates by reference all preceding paragraphs.

55. Wildlife Services has violated and continues to violate the FOIA and USDA's FOIA regulations by failing to provide WWP with a timely and full response to FOIA request No. 2018-APHIS-02114-F, including but not limited to for the following reasons.

56. WWP has a statutory right to the records sought and there is no legal basis for Wildlife Services to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)(9). Defendants' failure to produce the documents is therefore a constructive denial and unlawful withholding.

57. WWP has a statutory right to have Wildlife Services process the request in a manner which complies with FOIA. WWP's rights in this regard were violated when Wildlife Services unlawfully delayed the response to the request beyond the determination deadlines imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

58. Wildlife Services has failed to make an adequate and timely determination because the statutory deadline of 20 days has passed and Wildlife Services has failed to inform WWP whether it plans to comply with the request; when WWP may anticipate to receive a full response (an estimated completion date) and if not, the reasons for which it is denying the request; the volume of records denied; and how WWP may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. §§ 1.2(a), 1.7.

59. Wildlife Services has failed to notify WWP of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i), 43 C.F.R. § 2.13.

60. Wildlife Services has failed to make any records that it may have determined to release to WWP promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i); 7 C.F.R. § 1.19(a).

61. Wildlife Services has failed to provide an estimated date on which it will complete the request, as required by FOIA. *Id.* § 552(a)(7)(B)(ii).

62. Wildlife Services is improperly withholding records from WWP in violation of FOIA.

63. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Wildlife Services will continue to violate the rights of WWP to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
**Violations of FOIA—Failure to timely respond to FOIA Request No. 2018-APHIS-02936-F.**

64. WWP realleges and incorporates by reference all preceding paragraphs.

65. Wildlife Services has violated and continues to violate the FOIA and USDA's FOIA regulations by failing to provide WWP with a timely and full response to FOIA request No. 2018-APHIS-02936-F, including but not limited to for the following reasons.

66. WWP has a statutory right to the records sought and there is no legal basis for Wildlife Services to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)(9). Defendants' failure to produce the documents is therefore a constructive denial and unlawful withholding.

67. WWP has a statutory right to have Wildlife Services process the request in a manner which complies with FOIA. WWP's rights in this regard were violated when Wildlife Services unlawfully delayed the response to the request beyond the determination deadlines imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

68. Wildlife Services has failed to make an adequate and timely determination because the statutory deadline of 20 days has passed and Wildlife Services has failed to inform WWP whether it plans to comply with the request; when WWP may anticipate to receive a full response (an estimated completion date) and if not, the reasons for which it is denying the request; the volume of records denied; and how WWP may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. §§ 1.2(a), 1.7.

69. Wildlife Services has failed to notify WWP of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i), 43 C.F.R. § 2.13.

70. Wildlife Services has failed to make any records that it may have determined to release to WWP promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i); 7 C.F.R. § 1.19(a).

71. Wildlife Services has failed to provide an estimated date on which it will complete the request, as required by FOIA. *Id.* § 552(a)(7)(B)(ii).

72. Wildlife Services is improperly withholding records from WWP in violation of FOIA.

73. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Wildlife Services will continue to violate the rights of WWP to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**Violations of FOIA—Failure to timely respond to FOIA Request No. 2018-APHIS-04319-F.**

74. WWP realleges and incorporates by reference all preceding paragraphs.

75. Wildlife Services has violated and continues to violate FOIA and USDA's FOIA regulations by failing to provide WWP with a timely and full response to FOIA request No. 2018-APHIS-04319-F, including but not limited to for the following reasons.

76. WWP has a statutory right to the records sought and there is no legal basis for Wildlife Services to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)-(9). Defendants' failure to produce the documents is therefore a constructive denial and unlawful withholding.

77. WWP has a statutory right to have Wildlife Services process the request in a manner which complies with FOIA.  WWP's rights in this regard were violated when Wildlife Services unlawfully delayed the response to the request beyond the determination deadlines imposed by FOIA.  5 U.S.C. § 552(a)(6)(A)(i), (ii).

78. Wildlife Services has failed to make an adequate and timely determination with respect to this request because the statutory 20 days for response have passed and Wildlife Services has failed to inform WWP whether it plans to comply with the request; if so, whether it will grant WWP's request for a fee waiver and when WWP may anticipate to receive responsive documents (an estimated completion date) and if not, the reasons for which it is denying the request, the volume of records denied, and how WWP may appeal.  5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. §§ 1.2(a), 1.7.

79. Wildlife Services has failed to notify WWP of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA.  5 U.S.C. § 552(a)(6)(B)(i), 43 C.F.R. § 2.13.

80. Wildlife Services has failed to make the records that it has determined to release to WWP promptly available, as required by FOIA.  5 U.S.C. § 552(a)(6)(C)(i); 7 C.F.R. § 1.19(a).

81. Wildlife Services has failed to provide an estimated date on which it will complete the request, as required by FOIA.  *Id.* § 552(a)(7)(B)(ii).

82. Wildlife Services is improperly withholding records from WWP in violation of FOIA.

83. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Wildlife Services will continue to violate the rights of WWP to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
**Violations of FOIA—Failure to timely respond to FOIA Request No. 2018-APHIS-04320-F.**

84. WWP realleges and incorporates by reference all preceding paragraphs.

85. Wildlife Services has violated and continues to violate FOIA and USDA's FOIA regulations by failing to provide WWP with a timely and full response to FOIA request No. 2018-APHIS-04320-F, including but not limited to for the following reasons.

86. WWP has a statutory right to the records sought and there is no legal basis for Wildlife Services to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)-(9). Defendants' failure to produce the documents is therefore a constructive denial and unlawful withholding.

87. WWP has a statutory right to have Wildlife Services process the request in a manner which complies with FOIA. WWP's rights in this regard were violated when Wildlife Services unlawfully delayed the response to the request beyond the determination deadlines imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

88. Wildlife Services has failed to make an adequate and timely determination with respect to this request because the statutory 20 days for response have passed and Wildlife Services has failed to inform WWP whether it plans to comply with the request; if so, whether it will grant WWP's request for a fee waiver and when WWP may anticipate to receive responsive documents (an estimated completion date) and if not, the reasons for which it is denying the request, the volume of records denied, and how WWP may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. §§ 1.2(a), 1.7.

89.     Wildlife Services has failed to notify WWP of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA.  5 U.S.C. § 552(a)(6)(B)(i), 43 C.F.R. § 2.13.

90.     Wildlife Services has failed to make the records that it has determined to release to WWP promptly available, as required by FOIA.  5 U.S.C. § 552(a)(6)(C)(i); 7 C.F.R. § 1.19(a).

91.     Wildlife Services has failed to provide an estimated date on which it will complete the request, as required by FOIA.  Id. § 552(a)(7)(B)(ii).

92.     Wildlife Services is improperly withholding records from WWP in violation of FOIA.

93.     Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Wildlife Services will continue to violate the rights of WWP to receive public records under FOIA.

## **PRAYER FOR RELIEF**

WHEREFORE, WWP respectfully prays that this Court:

A.     Declare that Wildlife Services' failure to provide WWP with timely and full responses to WWP's FOIA requests described above, including its failure to make timely determinations and produce all records requested, is in violation of the FOIA, 5 U.S.C. § 552(a)(6).

B.     Order Wildlife Services to immediately and fully provide WWP with any and all agency records responsive to WWP's FOIA request described above, 5 U.S.C. § 552(a)(4)(B), including any and all such records that would be responsive as of the date of such court order.

  C. Award WWP its reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action under the FOIA, 5 U.S.C. § 552(a)(4)(E), and/or all other applicable authorities.

  D. Grant such other and further relief as the Court deems just and proper.

Dated this July 26, 2018.

          Respectfully submitted,

          <u>s/ Scott Lake</u>
          Scott Lake (ISB #10493)

          Attorney for Plaintiff